Lee R. MEYERS, Plaintiff and Respondent,

v.

SALT LAKE CITY CORPORATION, a municipal corporation of the State of Utah, Defendant and Appellant.

No. 860183–CA.

Court of Appeals of Utah.

Dec. 29, 1987.

Roger F. Cutler (argued), Salt Lake City Atty., Greg R. Hawkins, Asst. City Atty., Salt Lake City, for defendant and appellant.

Timothy C. Houpt (argued), Houpt & Eckersley, Salt Lake City, for plaintiff and respondent.

Before GREENWOOD, ORME and JACKSON, JJ.

## OPINION

**GREENWOOD, Judge:**

Defendant, Salt Lake City Corporation (the City), appeals from a jury verdict for plaintiff, Lee Meyers (Meyers), claiming the trial court erroneously admitted into evidence a letter revealing the outcome of an internal investigation of a police officer. We affirm.

On May 31, 1983, during flooding in Salt Lake City which required diversion of water down State Street, Meyers was driving southbound on Main Street, one block west of State Street. As he began to turn left to proceed east, a police officer who was directing traffic attempted to prevent Meyers from turning by hitting Meyers' car with his hand. Meyers stopped, opened his car door and began to get out of his car. The officer tried to keep Meyers in the car by shutting the car door, and Meyers' foot was caught in the door. The officer then pulled Meyers out of the car and was arresting him when another officer intervened and persuaded the officer not to arrest Meyers. Meyers left the intersection and went to the police department where he filed a complaint against the officer for using excessive force. Meyers then went to the emergency room at L.D.S. Hospital where a doctor diagnosed his ankle injury as a sprain and noted bruises on his arm. He was instructed to return in three days. When the injury had not healed in three days, Meyers was referred to and treated by an orthopedic surgeon.

About a month after the incident, Meyers received a letter from the police department's internal affairs division informing him that his complaint against the officer had been sustained. Meyers subsequently brought this action alleging intentional and wilful or negligent misconduct by the officer. The intentional and wilful misconduct allegation was dismissed by stipulation of the parties, but the negligence allegation was tried before a jury.

Prior to trial, the City filed a motion in limine seeking to exclude the police department's letter to Meyers. The judge took the motion under advisement. During the trial, Meyers offered the letter into evidence. The court admitted the letter into evidence as an "admission against interest" despite the City's objections that it was irrelevant and highly inflammatory.

On appeal the City claims that the letter was inadmissible because it was: 1) irrelevant, immaterial and incompetent; 2) substantially more prejudicial than probative; 3) a subsequent remedial measure taken to

protect public safety; and 4) privileged material.

## I.

■ Preliminarily, we must examine whether the City's objections to the letter were preserved on appeal. Objections to the admissibility of evidence which are not raised at trial cannot be raised on appeal. *Barson v. E.R. Squibb & Sons, Inc.,* 682 P.2d 832, 837–38 (Utah 1984). In this case, the City filed a motion in limine which did not set forth any grounds for excluding the letter. At trial, counsel for the City argued that "the findings of the police department are irrelevant and immaterial and do not pertain to this particular lawsuit because they are based on highly different standards, they are based on a standard of what is expected in the police department, not necessarily what constitutes negligence in a civil court." In addition, counsel argued that "allowing that evidence in would be highly inflammatory." The City made no other objections to the letter. Therefore, the only objections raised at trial and consequently preserved on appeal are whether the trial court erred in admitting the evidence over the City's objections that it was irrelevant, immaterial and "highly inflammatory."

## II.

■ We next consider whether the trial court erred in failing to exclude the letter on relevancy grounds. This Court follows the general rule that the trial court's decision to admit or exclude evidence will not be reversed absent an abuse of discretion. *Pearce v. Wistisen,* 701 P.2d 489, 491 (Utah 1985); *Terry v. Zion's Coop. Mercantile Inst.,* 605 P.2d 314, 322–23 (Utah 1979); *State v. DeAlo,* 748 P.2d 194, —— (Utah App.1987). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Utah R.Evid. 401. The letter which Meyers offered into evidence explained that Meyers' complaint charging

the police officer with using excessive force was "sustained." Sustained was defined in the letter as "the event did occur and the officer is guilty of the complaint alleged or other infraction." At trial, Meyers, his wife and the driver of the car behind them testified regarding the confrontation between the officer and Meyers. The officer testified that he did not recall closing the door on Meyers' foot. Based on the conflicting testimony as to whether the officer actually shut the door on Meyers' foot, we find that the police department's letter stating that "the event did occur" had a tendency to support Meyers' claim that the officer negligently shut the door on his foot and was therefore relevant.

## III.

■ Finally, we examine whether the trial court properly allowed the letter into evidence over the City's apparent claim that the letter's "probative value [was] substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Utah R.Evid. 403. In *Denver Policeman's Protective Association v. Lichtenstein,* 660 F.2d 432 (10th Cir.1981), the Court of Appeals for the Tenth Circuit articulated some of the policy considerations involved in determining whether to disclose a police department's investigatory files. In *Lichtenstein,* the court reviewed the trial court's discovery order which allowed a citizen, who had been arrested for assaulting a police officer, to inspect some of the police department's investigatory files. In reviewing the trial court's discovery order, the court stated that under the executive privilege, government heads may prevent disclosure of documents within their control if nondisclosure would serve the public interest. The court noted that the privilege is not absolute and the government's interest in maintaining confidentiality must be weighed against the interest of those seeking discovery of the material. In applying the test, the court emphasized that the trial judge's discovery order only allowed limited disclosure of the investigatory files and not "wholesale disclosure." *Id.* at 437–38.

In the present case, the City claims that allowing the letter into evidence is contrary to the policy against intrusions into the police department's investigatory function. Further, the City asserts that the letter was written to fulfill a public policy of fairly and promptly reviewing citizen complaints charging police misconduct and informing the public of the results of such an investigation. Admitting the letter into evidence, according to the City, was prejudicial to the public interest because it could result in lack of proper investigation and communication with the public about alleged police misconduct. We agree that there are important policies involved in this case, such as the public's need for prompt and fair investigations of complaints against police officers and informing complainants of the results of complaint investigations. We also agree with *Lichtenstein* that the department has an important interest in maintaining the confidentiality of its investigatory files. However, as *Lichtenstein* explained, the government's interest must be weighed against the public's need for disclosure of the information.

In this case, Meyers offered into evidence both the police department's investigatory report of the incident and the department's letter explaining that Meyers' complaint, alleging that the officer had used excessive force, had been sustained. The court refused to allow the report into evidence on the basis that it was not a public document. However, the court allowed the letter into evidence as an "admission against interest" stating that it was sent to Meyers and was a statement made to him by a police lieutenant acting within his authority.

As in *Lichtenstein*, the trial court in this case properly weighed the policies and denied wholesale disclosure of the documents requested. However, the court properly admitted the letter into evidence. The letter was written and sent to Meyers to inform him of the outcome of the investigation and was not a confidential investigatory document. Therefore, the government's interest in maintaining confidentiality of its investigatory documents was not applicable to the letter.

The City also claims that if this Court upholds the trial court's admission of the letter, the police department will be forced to discontinue informing the public of the result of its internal investigations. We disagree. The City had an opportunity at trial, which it did not utilize, to provide testimony to clarify or rebut the contents of the letter. In addition, the City could have requested a jury instruction limiting the jury's consideration of the letter, i.e., that the letter's finding of a violation of department policy was not to be construed as a finding of negligence. The City did not do so. Also, the City could modify its letters to the public by, for example, indicating that the statements in the letter should not be construed as an admission of civil liability.

Because the policy considerations of allowing the letter into evidence outweigh any danger of unfair prejudice, particularly in light of the potential to request a limiting instruction and present rebuttal testimony, we find no abuse of discretion in the trial court's admission of the letter into evidence.

Affirmed.

JACKSON and ORME, JJ., concur.